703 A.2d 655

**Ahmad MONROE**

v.

**STATE of Maryland.**

No. 105, Sept. Term, 1997.

Court of Appeals of Maryland.

Dec. 24, 1997.

Arcangelo M. Tuminelli, Baltimore, for Petitioner.

Mary Ellen Barbera, Assistant Attorney General, J. Joseph Curran, Jr., Attorney General, Baltimore, for Respondent.

Submitted before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW and RAKER, JJ.

## ORDER

Upon consideration of the petition for a writ of certiorari to the Court of Special Appeals, and the answer filed thereto in the above entitled case, it is this 24th day of December, 1997

ORDERED, by the Court of Appeals of Maryland, that the petition be, and it is hereby, granted, and a writ of certiorari to the Court of Special Appeals shall issue; and it is further

ORDERED that said case shall be transferred to the regular docket as No. 105, September Term, 1997; and it is further

ORDERED, that review by the Court shall be limited to Question 1, set forth in the petition as follows:

When a petitioner in a post conviction proceeding clearly raises, in a single issue, a challenge to the admission of hearsay testimony on both constitutional Confrontation

grounds and non-constitutional grounds, and the post conviction court grants relief to Petitioner on the non-constitutional ground, on appeal by the State in which Petitioner again raises both grounds, can the Court of Special Appeals avoid deciding the constitutional issue by claiming that the lower court failed to address it and reverse the lower court without remanding the case for a determination on the constitutional issue?

And it is further

ORDERED that the judgment of the Court of Special Appeals be, and it is hereby, vacated in part and the case is remanded to the Court of Special Appeals with directions to remand the case to the Circuit Court for Baltimore City for that court to consider the constitutional question raised in the post conviction petition. Costs on this Court and in the Court of Special Appeals to be paid by the Mayor and City Council of Baltimore.

WILNER, J., did not participate in the consideration of this matter.